# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

PATRICIA COTTEN,

        Plaintiff,        CIVIL ACTION NO. 04-CV-73508-DT

JAMES SCOTT,

    Intervenor Plaintiff,

 VS.        DISTRICT JUDGE GERALD E. ROSEN

SHERRY L. BURT, et al.,    MAGISTRATE JUDGE MONA K. MAJZOUB

    Defendants.

_____/

## OPINION AND ORDER DENYING PLAINTIFF SCOTT EL'S MOTION FOR ORDER COMPELLING DISCLOSURE OR DISCOVERY

This matter comes before the Court on Plaintiff Scott El's Motion for Order Compelling Disclosure or Discovery filed on September 28, 2007. (Docket no. 92). Defendants have not responded, and the time for responding has now expired. All pre-trial matters have been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 3). The Court dispenses with oral argument pursuant to E. D. Mich. LR 7.1(e). The matter is now ready for ruling.

Plaintiff shows that he has served two subpoenas in an attempt to obtain a videotape from Defendants. The tape is allegedly a recording of the visiting room of Southern Michigan Correctional Facility (JMF) taken on December 3, 2003, when Plaintiff Cotten visited him. The first subpoena is issued to Assistant Attorney General Thom, the counsel of record for Defendants in this action. It was served on July 11, 2007 for production on July 25, 2007. (Docket no. 92, ex. 1). The second subpoena was issued to Gordon Maclane, an administrative assistant at JMF. (*Id.*, ex. 3). It was served on August 14, 2007 for production on August 23, 2007.

Plaintiff's attempt to subpoena the videotape from the counsel of record in this action was improper. Generally, discovery from counsel of record should only be granted as a last resort. *See Religious Technology Ctr. v. F.A.C.T.Net, Inc.,* 945 F. Supp. 1470, 1480 (D. Colo. 1996) (party seeking discovery from counsel of record must show that there are no other means to obtain information, that information is relevant and non-privileged, and that information is critical to case). Plaintiff has not shown that a request for production under Fed. R. Civ. P. 34 upon a Defendant would have been unsuccessful. One of the Defendants is the Warden of the prison where the taping allegedly occurred. She should have possession, custody or control of this tape. *See Ransom v. Warden at Curran Fromhold*, 2007 WL 576139 (E.D. Pa. Feb. 20, 2007) (ordering warden to inform plaintiff of certain information because warden presumably has access to prison records). Assistant Attorney General Thom, counsel for Defendants in this action, suggested in a letter to Plaintiffs that they proceed under Rule 34 which suggests that such an attempt would be fruitful. Accordingly, Plaintiff's Motion will be denied as to this subpoena.

The second subpoena served by Plaintiff was on a non-party, an administrative assistant at the prison where the recording allegedly occurred. Assistant Attorney General Thom responded by letter to Plaintiffs regarding this subpoena. He objects to the subpoena on several bases including that a copy was not served on him as counsel to a party in the case, that it was not authorized by law because it was not signed by an attorney, that it was not properly served, and that the production date is too short because it falls before his time for objecting expires. (Docket no. 92, ex. 4). Plaintiff has not shown that he served a copy of the subpoena on Thom which is required under Fed. R. Civ. P. 45(b)(1). Also, the time for producing the tape does not allow for the full objection period to expire before production is required. Finally, if the item requested is available from a party, it is preferable to have it obtained under Rule 34 rather than subpoenaing it from a non-party under Rule 45. 8A Wright, Miller & Marcus,

Federal Practice and Procedure § 2204 (1994). As the preceding discussion shows, this tape is likely available from a party. Accordingly, Plaintiff's motion will also be denied as to this subpoena.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Order Compelling Disclosure or Discovery (docket no. 92) is **DENIED**.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: October 22, 2007         s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Patricia Cotten, James Scott and Counsel of Record on this date.

Dated: October 22, 2007         s/ Lisa C. Bartlett
                                Courtroom Deputy