# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

PATRICIA COTTEN,
JAMES SCOTT,
      Plaintiffs,      CIVIL ACTION NO. 04-CV-73508-DT

vs.

      DISTRICT JUDGE GERALD E. ROSEN

SHERRY L. BURT,      MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** This Court recommends that Defendants Vallie and John/Jane Doe be **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 4(m) for failure to effect service, and that this **ACTION PROCEED TO TRIAL** as to Defendants Burt, Powell, and Campbell.

**II.**    **REPORT:**

This matter comes before the Court *sua sponte* following this Court's issuance of an Order to Show Cause for Plaintiffs to show cause why their Second Amended Complaint should not be dismissed as to Defendant Carol Vallie pursuant to Fed. R. Civ. P. 4(m). (Docket no. 100). This Order was entered on August 12, 2008. Plaintiffs have responded. (Docket no. 102). All pretrial matters have been referred to the undersigned for decision. (Docket no. 3). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e).

Rule 4(m) provides that if a defendant is not served within 120 days after the complaint is filed, the court must dismiss the action without prejudice against that defendant or order that service be made within a specified time. Fed. R. Civ. P. 4(m).

-1-

Plaintiff Cotten filed the original Complaint on September 9, 2004. (Docket no. 1). Defendant Vallie was not a named Defendant. Plaintiff Cotten filed an Amended Complaint on December 6, 2004. (Docket no. 11). Defendant Vallie was again not a named Defendant. Plaintiff Scott was allowed to intervene. (Docket no. 77). Plaintiff Scott's Motion for Leave to File a Supplemental Complaint on August 24, 2007 was denied. (Docket nos. 89, 91). Plaintiffs then filed a Motion for Leave to File Second Amended Complaint on October 5, 2007 which was granted. (Docket nos. 94, 97). Plaintiffs' Second Amended Complaint, which for the first time named Defendant Vallie, was filed on December 26, 2007. (Docket no. 98). Plaintiffs are proceeding *pro se* but are not proceeding *in forma pauperis*.

Plaintiffs argue that they have properly served Defendant Vallie. However, the certified mail receipts they attach to their Response bear dates of August 24, 2007 and July 19, 2005. It is therefore impossible that these receipts show effective service on Defendant Vallie who was not a properly named Defendant until the filing of Plaintiffs' Second Amended Complaint on December 26, 2007. The Court rejects Plaintiffs' contention that these attempts at service, even if they were proper, would somehow effect service of the Second Amended Complaint upon Defendant Vallie. Plaintiffs also present a letter from the litigation coordinator of the Southern Michigan Correctional Facility stating that Defendant Vallie is no longer assigned to that facility and providing a new address for Defendant Vallie. This letter is dated September 5, 2007, again before Defendant Vallie was a properly named Defendant.[1] Plaintiffs therefore have failed to show that they have properly served Defendant Vallie.

---

[1] This letter likely is in response to Plaintiffs' mailing of Plaintiff Scott's supplemental complaint, the filing of which was denied by this Court.

Plaintiffs also ask for an extension of time to allow them to effect service of process on Defendant Vallie. The evidence of record shows that Plaintiffs have had a presumptively valid address at which to serve Defendant Vallie since September 2007. The Court therefore finds no good cause for allowing Plaintiffs more time to effect service. Defendant Vallie should be dismissed as a Defendant pursuant to Rule 4(m).

Plaintiffs named Defendant John/Jane Doe in their Second Amended Complaint but have not moved to amend their Complaint or in any other way identify this person. The discovery period has ended. Having not identified this Defendant, this person has also not been served and has not made an appearance in this action. Therefore, even though the Court's Order to Show Cause did not name Defendant John/Jane Doe, this Court recommends that this Defendant also be dismissed without prejudice pursuant to Rule 4(m).

The discovery period has ended in this action. (Docket no. 83). The cut-off date for filing dispositive motions has also passed, and all such motions which have been filed have been ruled upon. (*Id.*). Therefore, this matter is ready to proceed to trial.

### III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health*

& *Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: September 16, 2008   s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a cop of this Report and Recommendation was served upon Patricia Cotten, James Cotten and Counsel of Record on this date.

Dated: September 16, 2008   s/ Lisa C. Bartlett
Courtroom Deputy